**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROY CAMPBELL, *on behalf of himself and*
*all others similarly situated*,

                                      Plaintiff,

                - v -                                 Civ. No. 1:17-CV-080
                                                               (MAD/DJS)

SYNCHRONY BANK,

                                      Defendants.

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

This matter was commenced on January 25, 2017, as a putative class action alleging a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"). Dkt. No. 1, Compl. Plaintiff amended his Complaint, as of right, on April 7, 2017, in order to replace Defendants J.C. Penney Company, Inc., and J.C. Penney Corporation, Inc., with Synchrony Bank as the sole Defendant. Dkt. No. 11, Am. Compl. The Amended Complaint, the operative pleading, alleges that "Synchrony made automated telephone calls to the wireless telephone number of Plaintiff and other Class members" and that "these phone calls were made without the prior express consent of Plaintiff or other class members and were not made for emergency purposes." Am. Compl at ¶¶ 36 & 44.

Defendant has appeared and, by Motion, now moves to stay the preceding. Dkt. Nos. 24 & 25.[1] As the basis for this Motion, Defendant notes that there is presently a case pending in the D.C. Circuit – *ACA Int'l v. Federal Communication Commission*, Case No. 15-CV-1211 (hereinafter

---

[1] Defendant's time to answer was adjourned without date pending a decision on the Motion to Stay. Text Minute Entry, dated May 1, 2017.

"*ACA International*") – that involves issues central to the present lawsuit, namely, (1) the proper definition of an "automatic telephone dialing system" under the TCPA, and (2) whether a caller has "prior express consent" for purposes of the TCPA when a subscriber had consented to be called on a wireless number and that same number (without the caller's knowledge) was then reassigned to another subscriber who did not consent. Dkt. No. 24-1, Def.'s Mem. of Law, at pp. 1-4. The Defendant argues that a stay of this proceeding until after this *ACA International* case is decided will promote judicial economy because issues that are central to the present lawsuit will be clarified. *Id.* at pp. 11-14. Defendant also asserts that a relatively short stay until after the D.C. Circuit decision is issued will not prejudice Plaintiff in this matter considering it is at its earliest stage. *Id.* at pp. 9-10.

Plaintiff opposes the stay. Dkt. No. 26. Plaintiff's counsel notes that not all of the issues presented in this case will be decided in the *ACA International* matter. *Id.* at pp. 1-3. For example, counsel notes that at least one of the calls made to Plaintiff included a prerecorded message, and this would be a sufficient predicate for liability under the TCPA separate and apart from the claim that an automated dialing system was used. *Id.* at p. 4.

Defendant's counsel has cited to extensive case law in support of the proposition that it is both within the authority of this Court and appropriate to stay discovery in a TCPA case pending the Appellate Court decision in *ACA International*. *See* Def.'s Mem. of Law at pp. 6-7 and Dkt. No. 25, Supp. Mem. of Law. The Plaintiff has not specifically disputed this authority, but has made arguments as to why he believes a stay is unwarranted in his particular case. *Id.* I find the authority cited by defense counsel to be persuasive, particularly two decisions from the Western District of New York – *Dimarco v. Nationstar Mortgage, LLC*, 2017 WL 1855197 (W.D.N.Y. May 5, 2017)

and *Reynolds v. Time Warner Cable, Inc.*, 2017 WL 362025 (W.D.N.Y. Jan. 25, 2017). Like the present case, the *Reynolds* matter involved allegations of both automated dialing *and* pre-recorded messages. *Reynolds v. Time Warner Cable, Inc.*, 2017 WL 362025, at *1. Therein, the Honorable Marian W. Payson, United States Magistrate Judge, concluded that a stay was appropriate because the parties' and the court's interests would be promoted by the clarification of issues that the decision in *ACA International* would provide, as well as the potential for narrowing the scope of discovery. *Id*. at *2. The Court agrees with the reasoning of the *Reynolds* decision, adopts it, and finds that a limited stay in this matter is appropriate.

**WHEREFORE**, it is hereby,

**ORDERED**, that the Defendant's Motion to Stay (Dkt. No. 24) is **GRANTED** and the answer deadline will continue to be adjourned without date pending a decision from the D.C. Circuit in the *ACA International* matter; and it is further

**ORDERED**, that Defendant shall file a status report on December 11, 2017, advising the Court of the status of the D.C. Circuit matter. In the event a decision is rendered by the D.C. Circuit prior to that time, a status report shall be filed within seven days of the issuance of such decision.

**IT IS SO ORDERED**.

Pursuant to FED R. CIV. P. 72(a), the parties have fourteen (14) days[2] within which to file written objections to the foregoing discovery order. Such objections shall be filed with the Clerk of the

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

Court.  As specifically noted in Rule 72(a) "[a] party may not assign as error a defect in the order not timely objected to."

Date: August 11, 2017
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge